IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| UNITED STATES OF AMERICA, | § | |
| --- | --- | --- |
| | § | |
| Plaintiff, | § | |
| | § | Criminal No. 3:99-CR-324-D(01) |
| VS. | § | |
| | § | |
| TERRANCE JAMES HOPKINS, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

Defendant Terrance James Hopkins ("Hopkins") filed on March 15, 2010 a *pro se* motion under 18 U.S.C. § 3582(c)(2) to modify his term of imprisonment based on an amendment to U.S.S.G. § 1B1.10(c) that made Amendment 706 to the United States Sentencing Guidelines, as amended by Amendment 711, retroactive. The government opposes the motion, pointing out that the court denied similar motions filed by four of Hopkins' codefendants. For the reasons that follows, the court denies Hopkins' motion.

I

Hopkins originally filed a motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) on February 28, 2008, but he withdrew the motion on February 10, 2009. He filed the instant motion on March 15, 2010. The government filed on June 14, 2010 a response in which it re-urged its previous response filed on April 30, 2008 and opposed Hopkins' latest motion. In an order filed June 30, 2010, the court appointed the Federal Public Defender to represent Hopkins and granted him leave to file a reply brief in support of Hopkins' *pro se* motion. The court also stated that if Hopkins did not desire the assistance of counsel, he could notify the court, and the court would vacate the order of appointment. Neither the Federal Public Defender nor Hopkins has made any

additional filings since the court filed its order, and the court will now address Hopkins' March 15, 2010 *pro se* motion.

II

The court has the discretion to grant a sentence reduction under 18 U.S.C. § 3582(c). *United States v. Mueller*, 168 F.3d 186, 188 (5th Cir. 1999) ("The decision whether to reduce a sentence under § 3582(c)(2) is discretionary[.]"). Under § 3582(c)(2), "the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Under U.S.S.G. § 1B1.10(a)(1), "[a]s required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement."

U.S.S.G. § 1B1.10(b)(1) provides:

> *In General.*—In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced. In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.

U.S. Sentencing Guidelines Manual § 1B1.10(b)(1) (Nov. 1, 2010).

Application note 1(B) to U.S.S.G. § 1B1.10 specifies various factors for the court to consider:

> (i) *In General*.—Consistent with 18 U.S.C. § 3582(c)(2), the court shall consider the factors set forth in 18 U.S.C. § 3553(a) in determining: (I) whether a reduction in the defendant's term of imprisonment is warranted; and (II) the extent of such reduction, but only within the limits described in subsection (b).
>
> (ii) *Public Safety Consideration*.—The court shall consider the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment in determining: (I) whether such a reduction is warranted; and (II) the extent of such reduction, but only within the limits described in subsection (b).
>
> (iii) *Post-Sentencing Conduct*.—The court may consider post-sentencing conduct of the defendant that occurred after imposition of the original term of imprisonment in determining: (I) whether a reduction in the defendant's term of imprisonment is warranted; and (II) the extent of such reduction, but only within the limits described in subsection (b).

U.S. Sentencing Guidelines Manual § 1B1.10 cmt. n.1(B) (Nov. 1, 2010) (italics omitted).

Additionally, U.S.S.G. § 1B1.10(b)(2) imposes limitations and a prohibition on the extent of a sentence reduction:

> (A) *In General*.—Except as provided in subdivision (B), the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection.
>
> (B) *Exception*.—If the original term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing, a reduction comparably less than the amended guideline range determined under subdivision (1) of this subsection may be appropriate. However, if the original term of imprisonment constituted a non-guideline sentence determined pursuant to 18 U.S.C. § 3553(a) and *United States v. Booker*, 543 U.S. 220 (2005), a further reduction generally would not be appropriate.
>
> (C) *Prohibition*.—In no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already

served.

U.S. Sentencing Guidelines Manual § 1B1.10(b)(2) (Nov. 1, 2010).

III

As required under U.S.S.G. § 1B1.10(b)(1), the court begins by determining the amended guideline range that would have been applicable to Hopkins had the amendment to U.S.S.G. § 2D1.1(c)(1) of the Drug Quantity Table been in effect at the time he was sentenced.

When Hopkins was sentenced, his total offense level was 37, and his criminal history category was III, resulting in a range of 262 to 327 months. Under the amended Drug Quantity Table, his offense level would be 35, resulting in a range of 210 to 262 months.

Under U.S.S.G. § 1B1.10(b)(2)(B), "[i]f the original term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing, a reduction comparably less than the amended guideline range determined under subdivision (1) . . . may be appropriate." In response to the government's motion under U.S.S.G. § 5K1.1, the court departed downward six levels to an offense level of 31. Based on a criminal history category of III, this resulted in a guideline range of 135 to 168 months. The court sentenced him to 135 months' imprisonment. Had amended § 2D1.1(c)(1) of the Drug Quantity Table been in effect, and had the court departed downward six levels, the offense level would have been 29, and the range would have been 108 to 135 months.

IV

Having considered the factors specified in 18 U.S.C. § 3553(a) (to the extent that they are applicable), the provisions of U.S.S.G. § 1B1.10(a) and (b), and the factors for consideration contained in Application Note 1(B)(i)-(iii), the court concludes in its discretion that Hopkins' motion

should be denied.

The decision whether to reduce Hopkins' sentence does not involve a simple comparison of the sentence imposed within the prior, higher guideline range with what is now available under the new, lower guideline range. Although the court has reduced crack cocaine sentences in such cases, this is not one of them.

Hopkins and five other defendants were indicted for conspiring to possess with intent to distribute and to distribute in excess of 5 kilograms of cocaine and in excess of 50 grams of cocaine base. Hopkins faced a mandatory minimum sentence of ten years and a maximum sentence of life in prison. Based on a prior conviction for a felony drug offense, Hopkins could also have faced a twenty-year minimum sentence of imprisonment, and the government in fact filed a notice of enhancement.

Following his arrest in this case, Hopkins was released on bond. After the court conducted a hearing and denied his motion to suppress, Hopkins removed his electronic monitoring device and fled to Mexico. He was arrested in September 2001 and returned to this district. The grand jury handed up a superseding indictment that, *inter alia*, added a charge for failure to appear.

Under the terms of a plea agreement, Hopkins pleaded guilty to the offense of failure to appear and to a superseding information that charged him with violating 21 U.S.C. § 856 (maintaining drug-involved premises). Hopkins faced a maximum sentence of ten years for the offense of failure to appear, and it was required by statute that the sentence run consecutively to any other sentence. Hopkins faced a maximum sentence of twenty years for the offense of maintaining drug-involved premises. Under the applicable guideline range, Hopkins faced a sentence of 262 to 327 months. By virtue of the plea agreement and of the government's motion filed under U.S.S.G.

§ 5K1.1, Hopkins became eligible for, and received, a sentence of 135 months' imprisonment. Hopkins therefore benefited significantly from his plea agreement and from the government's motion filed in response to his substantial assistance. If convicted under the indictment (as enhanced) of the conspiracy charge and on the charge of failure to appear, he faced a mandatory minimum sentence of twenty years (and up to life in prison) plus the sentence on the charge of failure to appear, which would have run consecutively to the sentence for the conspiracy offense.

The government attempted through the plea agreement and 5K1.1 motion to reward Hopkins and the other defendants for their cooperation and to maintain proportionality when considering their roles in the offense and their criminal histories, i.e., to avoid unwarranted sentence disparities among defendants with similar records who had been found guilty of similar conduct. When negotiating a plea with Hopkins, the government essentially considered the nature and circumstances of Hopkins' offense and his history and characteristics; the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant; the kinds of sentences available; the kinds of sentences and the sentencing range established by the Sentencing Guidelines; any pertinent policy statements; and the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. Essentially, the parties took into account the relevant factors under 18 U.S.C. § 3553(a) when negotiating a plea agreement that significantly mitigated the more onerous consequences of the higher sentencing range that then applied to crack cocaine sentences. The court then approved that plea agreement. Consequently, the sentence the court imposed was then, and remains, sufficient, but not greater than necessary, to comply with the purposes set forth in 18

U.S.C. § 3553(a)(2), despite the reduction in § 2D1.1(c)(1) of the Drug Quantity Table.

Having considered the applicable factors of 18 U.S.C. § 3553(a), the provisions of U.S.S.G. § 1B1.10(a) and (b), and the factors in Application Note 1(B)(i)-(iii), the court concludes in its discretion that Hopkins' motion should be denied. The sentence imposed in this case remains one that is sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a)(2).

**SO ORDERED**.

May 19, 2011.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE